UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>GIRISHKUMAR MISTRY, et al.,<br><br>   Defendants. | No. 2:16-cv-00943-MCE-AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment. This motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). Plaintiff and defendants were scheduled to attend a hearing on December 6, 2017 at 10:00 a.m. Plaintiff was present by telephone but defendants did not appear. ECF No. 23. For the reasons stated below, the court recommends that plaintiff's motion be granted.

### I.   Relevant Background

As stated in his First Amended Complaint ("FAC"), plaintiff is a California resident with physical disabilities, including the inability to walk and manual dexterity impairments. ECF No. 8 at 1. Defendants Girishkumar Mistry and Chetnabahen Mistry were real property owners of the building/parcel located at 27101 CA Highway 33, Newman, California ("the Property") in February, March, April, and May of 2015. Id. at 2. During this time, the Mistrys owned a business on the Property known Hamlet Motel. Id. at 2-3. Defendant Damyantiben Patel is the

1

current owner of the Property and was the owner as of July 2016. Id. at 2. Damyantiben Patel and Hasmukhbhai Patel are the current business owners of Hamlet Motel and were the owners as of July 2016. Id. at 3. Plaintiff asserts that Hamlet Motel is a facility open to the public, a place of public accommodation, and a business establishment. Id. at 4. Hamlet Motel offers parking on the Property. Id.

Plaintiff visited Hamlet Motel in February, March, April, and May 2015. ECF No. 1 at 10. Plaintiff alleges he encountered many accessibility issues, including but not limited to: lack of a parking space in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG), a transaction counter that was more than 36 inches in height with no lowered transaction counter, inaccessible entrances (containing a raised threshold) to guestrooms, and inaccessible door hardware that required grasping to open. Id. at 4-10.

On May 3, 2016, plaintiff filed this action alleging violations of the American's with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code § 51-53. ECF No. 1. The summons and complaint were timely served on defendants. ECF Nos. 4-7. Defendants did not appear. Plaintiff filed his FAC on August 1, 2016. ECF No. 8. The FAC was served on defendants. ECF Nos. 9-12. Defendants again did not appear. The clerk entered default as to all defendants on September 6, 2016. ECF No. 14. On September 8, 2017, plaintiff was ordered to move for default judgment or have this case dismissed. ECF No. 19. On October 6, 2017 plaintiff moved for default judgment. ECF No. 20. The motion for default judgment was served on all defendants. ECF Nos. 20-14. Defendants did not appear at the hearing on the motion, and the matter was accordingly submitted without argument. ECF No. 23.

## II. Motion

Plaintiff moves for default judgment on all counts raised in this action, and seeks the following relief:

1. [I]njunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

////

2

2. Damages under the Unruh Civil Rights Act provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

ECF No. 20-1 at 5. Defendants have not appeared or filed any response.

### III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,

and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

B. The Eitel Factors

    a. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

    b. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the FAC favor entry of default judgment.

Plaintiff brings two causes of action: violations of the American's with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("UCR"). The merits of each of these claims are assessed below.

*1. ADA Claim*

"Title III of the ADA prohibits discrimination in public accommodations...." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff

was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff alleges three types of discrimination in this case, resulting from defendants' failure to provide adequate accessible parking spaces, and accessible counter space. First, defendants failed to remove architectural barriers where such removal was readily achievable, in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). Second, defendants failed to make alterations in a manner that would render the altered portion of the facility readily accessible to individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(2). Third, defendants failed to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii). The facts alleged in plaintiff's FAC adequately detail the claimed violations, and taken as true, support plaintiff's ADA claim. ECF No. 8. The merits of plaintiff's case thus favor entry of default judgment.

### 2. The Unruh Act

Under California's Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section." Cal. Civ. Code § 51(f). In addition, the Unruh Act independently prohibits discrimination, if it is done in contravention of Section 51. Cal. Civ. Code § 52(a). Section 52(a) provides for statutory damages of no less than $4,000 for each violation, and attorney's fees. Id.

Because plaintiff has shown that defendants are in violation of Title III of the ADA, specifically, the failure to provide accessible counters of the proper height, he has also shown that defendants are in violation of the Unruh Civil Rights Act. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act"). Plaintiff is therefore entitled to a default judgment on this claim.

c. Factor Four: The Sum of Money at Stake in the Action

Under this Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1176-77 (C.D. Cal. 2002). Plaintiffs here seek a grand total of $16,610.00 in statutory damages attorney's fees and costs. ECF No. 20-1 at 14. The FAC offers no information about the defendants' financial condition, so the court cannot tell if this is a significant amount of money to defendants. However, there is no evidence that defendants took any action after being served with the summons and FAC in order to avoid a judgment of this size. This factor accordingly weighs in favor of a default judgment.

d. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the FAC (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

e. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff served the defendants with the summons and FAC. ECF Nos. 9-12. Moreover, plaintiff served defendants by mail with notice of its application for default judgment. ECF No. 20-14. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend themselves in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

####### f. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendants and makes a recommendation to that effect. What remains is the determination of the amount of damages to which plaintiff is entitled.

### C. Terms of Judgment

Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

#### 1. Attorney's Fees

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally calculated "according to the prevailing market rates in the relevant legal community." Blum v. Stenson, 465 U.S. 886, 895 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993).

Plaintiff requests attorney fees at an hourly rate of $350 for 11.8 hours of work, plus $480 in filing fees and service costs, totaling $4,610.00. ECF No. 20-4 at 2-3. Plaintiff claims that this is a fair rate for attorneys with similar experience in the area of disability law, but does not address the prevailing market rates in the forum district. Id. Instead, plaintiff discloses the rates awarded in the Southern and Central Districts of California. The undersigned finds that the

prevailing rate is $250 per hour for the Sacramento Division of the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience, and reputation. See Loskot v. D & K Spirits, LLC, 2011 WL 567364 at *5, 2011 U.S. Dist. LEXIS 15664 at *14 (E.D. Cal. 2011) (Drozd, M.J.) (citing Eastern District ADA cases resolved on default judgment where $250 was determined to be the reasonable rate); Trujillo v. Singh, No. 116CV01640LJOEPGPC, 2017 WL 990792, at *6 (E.D. Cal. Mar. 15, 2017), report and recommendation adopted as modified, No. 116CV01640LJOEPG, 2017 WL 1831941 (E.D. Cal. May 8, 2017).

Plaintiff also seeks $480 in costs and litigation expenses. ECF No. 20 at 2. Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C.A. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee and costs of service, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058. ECF No. 12-4 at 2. Plaintiff's request for costs in the amount of $480 for litigation costs and expenses is appropriate.

Accordingly, the undersigned will recommend that plaintiff be awarded a total of $3,430 in attorney's fees and costs, based on an hourly rate of $250 for 11.8 hours (totaling $2,950), along with $480 in filing fees and costs.

*2. Statutory Damages*

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts that he is entitled to $12,000.00, in statutory damages pursuant to the California Civil Code § 52(a). ECF No. 20-1 at 12.

////

"The general consensus of cases allow for a plaintiff to recover statutory damages for multiple visits to a facility." Johnson v. Guedoir, 218 F. Supp. 3d 1096, 1103 (E.D. Cal. 2016) (Nunley, J.). In the FAC, plaintiff alleges visits to defendants' business in February,[1] March, April, and May of 2015 and July of 2016. ECF No. 8 at 11. Plaintiff has sufficiently alleged facts indicating that he visited the Property on at least three occasions and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered each time. ECF No. 8. Thus, Plaintiff is entitled to $12,000 in statutory damages. Guedoir, 218 F. Supp. 3d at 1103.

### 3. *Injunctive Relief*

Plaintiff's complaint seeks an injunction requiring Defendants to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

## IV. Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's October 6, 2017 motion for default judgment (ECF No. 20) be GRANTED;

2. The court enter judgment against the defendants on the complaint's claims in the amount of $15,430 (comprising $12,000 in statutory damages and $3,430 in attorney's fees and costs);

3. Defendants make changes and accommodations at the subject at the Property located at or about 27101 CA Highway 33, Newman, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. This case be closed.

---

[1] Plaintiff states in his declaration that he visited the Property twice in February 2015. ECF No. 20-5 at 1. This is not reflected in the FAC. Because plaintiff does not appear to be seeking statutory damages for this extra visit, the court notes the inconsistency but bases its damages finding on one February 2015 visit.

9

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 11, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE